UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUKE JONES,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:21-cv-1018 (VAB)

**RULING AND ORDER ON MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

On April 28, 2023, Luke Jones filed an amended application for a writ of habeas corpus, moving to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(1). Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 11 (Apr. 28, 2023) ("Mot.").

Because Mr. Jones's application is a successive one, this Court has no jurisdiction and must transfer it, in the interest of justice, to the United States Court of Appeals for the Second Circuit (the "Second Circuit"), without addressing the merits. *See* 28 U.S.C § 1631; 28 U.S.C. § 2255(h).

Accordingly, for the following reasons, the motion to vacate, set aside, or correct Mr. Jones's sentence is **DENIED** for lack of jurisdiction.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **Background**

On October 30, 2003, in the United States District Court for the District of Connecticut, before the Honorable Alan H. Nevas, a jury convicted Mr. Jones of violating 18 U.S.C. § 1962(e), Racketeer Influenced and Corrupt Organizations ("RICO") (Count One); 18 U.S.C. §

1962(d), RICO Conspiracy (Count Two); 18 U.S.C. § 846, Conspiracy to Possess and to Distribute 5,000 grams of Cocaine, 1,000 grams of Heroin, and 50 grams of Cocaine-Base (Counts Five and Six); 18 U.S.C. § 1959(a)(5), Violent Crimes in Aid of Racketeering Activity ("VCAR"): Conspiracy to Murder Lawson Day (Count Eighteen); and 18 U.S.C. § 1959(a)(5), VCAR: Conspiracy to Murder Anthony Scott (Count Twenty-One). Jury Verdict, Case No. 3:99-cr-264, ECF No. 1651 (Oct. 30, 2003).

On January 7, 2004, Judge Nevas sentenced Mr. Jones to life imprisonment on Counts One, Two, Five, and Six, and ten years' imprisonment on Counts Eighteen, and Twenty-One, all to run concurrently. Judgment, Case No. 3:99-cr-264, ECF No. 1654 (Jan. 7, 2004).

On March 26, 2010, Mr. Jones filed his first application for a writ of habeas corpus, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, Set Aside or Correct Sentence, Case No. 3:10-cv-467, ECF No. 1 (Mar. 26, 2010). The Court denied the motion on the merits. *See* Ruling Denying Mot. to Vacate, Set Aside or Correct Sentence, Case No. 3:10-cv-467, ECF No. 16 (July 20, 2011).

Mr. Jones filed a motion for reconsideration, which the Court denied without issuing a certificate of appealability, finding that Mr. Jones had "made no substantial showing of the denial of a constitutional right." *See* Ruling Denying Mot. for Reconsideration, Case No. 3:10-CV-467, ECF No. 19 (Feb. 16, 2012).

Mr. Jones appealed, and the Second Circuit issued a mandate denying his motion for a certificate of appealability and dismissing the appeal. Mandate, Case No. 3:10-cv-467, ECF No. 24 (Mar. 25, 2013).

On September 24, 2015, Mr. Jones filed a new motion in this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(4). *See* Mot. to Vacate, Set Aside or Correct

Sentence, Case No. 3:15-cv-1405 (VAB), ECF No. 1 (Sept. 24, 2015). The Court determined that this application was a second or successive habeas petition, over which the Court did not have jurisdiction; accordingly, the Court transferred the application to the Second Circuit. Ruling and Order on Mot. to Vacate, Set Aside or Correct Sentence, Case No. 3:15-cv-1405, ECF No. 12 (Sept. 28, 2018). The Second Circuit subsequently upheld the Court's Order and denied Mr. Jones leave to file a successive § 2255 motion based on newly discovered evidence. *Luke Jones v. United States of America*, No. 18-2907, Doc. No. 34 (May 28, 2019).

On January 8, 2020, Mr. Jones moved to reduce his sentence under § 404(b) of the First Step Act. *See* Mot. to Reduce Sentence, Case No. 3:99-cr-264, ECF No. 2636 (Jan. 8, 2020); Mem. in Supp. of Mot. to Reduce Sentence, Case No. 3:99-cr-264, ECF No. 2645 (Feb. 11, 2020).

The Court reduced Mr. Jones's life sentence to a term of imprisonment of 450 months, followed by a term of supervised release of 5 years. Ruling and Order on First Step Act Mot. for Immediate Release or Resentencing, Case No. 3:99-cr-264, ECF No. 2682 (May 29, 2020) ("Ruling on First Step Act Motion").

    **B.**    **Procedural History**

On July 23, 2021, Mr. Jones filed a new motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(f)(1). *See* Mot. Under § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, ECF No. 1 (July 23, 2021).

On August 6, 2021, Mr. Jones filed a motion for leave to amend or correct the 2255 motion. Mot. to Amend/Correct Mot. to Vacate, Set Aside or Correct Sentence, ECF No. 4 (Aug. 6, 2021).

On August 9, 2021, the Court granted the motion for leave to amend. Order, ECF No. 5 (Aug. 9, 2021).

On November 3, 2022, the Court issued an order to show cause why the case should not be dismissed for Petitioner's failure to file an amended 2255 motion. Order to Show Cause, ECF No. 7 (Nov. 3, 2022).

On March 24, 2023, Mr. Jones filed a motion for discovery. Mot. for Discovery, ECF No. 8 (Mar. 24, 2023).

On March 25, 2023, the Court denied the motion for discovery, noting that Mr. Jones had yet to respond to the Court's order to show cause. Order, ECF No. 9 (Mar. 25, 2023). The Court acknowledged, however, that the order to show cause had not been timely mailed to the Petitioner and extended until April 28, 2023 the deadline to show cause why the case should not be dismissed for Mr. Jones's failure to file an amended 2255 motion. *Id.*

On April 28, 2023, Mr. Jones filed a response to the order to show cause, as well as an amended 2255 motion. *See* Response to Order to Show Cause, ECF No. 10 (Apr. 28, 2023); Mot.

## II.   STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a gate-keeping mechanism that limits a prisoner's ability to file a second or successive § 2255 motion. That mechanism requires a second or successive petition to be certified by a panel of an

appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Adams*, 372 F.3d at 135.

"The AEDPA does not define a 'second or successive' petition or motion." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (citing *Camarano v. Irvin*, 98 F.3d 44, 45–46 (2d Cir. 1998)). The Second Circuit, however, has repeatedly held that a petition is deemed to be second or successive if a prior petition "raising claims regarding the same conviction or sentence [ ] has been decided on the merits." *Quezada v. Smith*, 624 F.3d 514, 517–18 (2d Cir. 2010) (quoting *Corrao*, 152 F.3d at 191); *Camarano*, 98 F.3d at 45–47. In contrast, "a second-in-time application for a writ of habeas corpus is not considered second or successive under 28 U.S.C. § 2244(b)—and thus is not subject to more stringent statutory requirements—if it challenges a new, intervening judgment." *In re Edwards*, 98 F.4th 425, 427 (3d Cir. 2024) (citing *Magwood v. Patterson*, 561 U.S. 320, 323–24 (2010)).

The Second Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631. . . ." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

## III. DISCUSSION

Mr. Jones argues that his habeas petition may be heard on the merits by this Court because an "Intervening Amended Judgment was entered on the Docket on July 2, 2020, and Petitioner did not appeal therefore the Court ha[s] jurisdiction to hear the motion." Mot. at 8.

The Government has not responded to Mr. Jones's motion.

The Court disagrees with Mr. Jones.

The Amended Judgment referred to by Mr. Jones was the result of a sentence reduction under § 404(b) of the First Step Act of 2018.[1] *See* Ruling on First Step Act Motion.

The Second Circuit has not yet directly considered whether a reduction in sentence under the First Step Act constitutes a new judgment, for purposes of the bar on second or successive § 2255 motions under AEDPA. The Court thus will review the relevant Second Circuit caselaw establishing the parameters that define a new, intervening judgment that would "reset the clock" for habeas purposes. *Telcy v. United States*, 20 F.4th 735, 737 (11th Cir. 2021). The Court will also review caselaw from other Circuits that have considered this question more directly.

In 2010, the Supreme Court first held that not all "all [habeas] applications filed second or successively in time" were barred by AEDPA. *Magwood*, 561 U.S. at 336–42. In that case, the defendant had filed a § 2254 petition challenging his death sentence, resulting in the vacatur of his sentence; after new sentencing proceedings, a new death sentence was imposed. *Id.* The defendant subsequently filed a second § 2254 petition challenging his new sentence. *Id.* The Supreme Court held that this second petition was not "successive" because the reimposed death sentence constituted a new, intervening judgment, rendering the second § 2254 petition the first

---

[1] "Section 404 of the First Step Act authorizes retroactive application of Sections 2 and 3 of the Fair Sentencing Act to defendants who were sentenced for crack cocaine offenses committed prior to August 3, 2010." *United States v. Jamel Williams ("J. Williams")*, No. 03-cr-795, 2019 WL 3842597, at *2 (E.D.N.Y. Aug. 15, 2019).

collateral attack on that judgment. *Id.* at 339 ("An error made a second time is still a new error. That is especially clear here, where the state court conducted a full resentencing and reviewed the aggravating evidence afresh.").

Since *Magwood*, it is well-accepted that a successful collateral attack on a sentence resulting in a new, intervening judgment will restart the habeas clock, irrespective of the nature of the arguments raised in the motion. In *Johnson v. United States ("Johnson II")*, 623 F.3d 41, 43–44 (2d Cir. 2010), the Second Circuit considered whether a defendant's second-in-time § 2255 motion was successive, where the first had resulted in an amended judgment and the second sought to relitigate issues raised in the first motion regarding the original judgment. Applying *Magwood*, the court emphasized that the term "judgment" refers to both the underlying conviction and the sentence imposed, and that the phrase "second or successive" must be applied to "entire habeas petitions, and not to individual claims in those petitions." *Id.* at 44.

As a result, the Second Circuit ultimately held that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." *Id.* at 46. Courts in other circuits have held similarly. *See Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 223 (3d Cir. 2022) (holding that "a second-in-time petition is not second or successive as to an undisturbed conviction because a new sentence creates a new judgment which has not yet been challenged"); *In re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) (when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015) ("a new judgment after a resentencing permits the inmate to challenge the original conviction without clearing the second-or-successive hurdles"); *Insignares v. Sec'y Fla. Dep't of Corr.*, 755

F.3d 1273, 1281 (11th Cir. 2014) (the first application to challenge a judgment is not subject to AEDPA's restrictions on successive petitions—"the existence of a new judgment is dispositive" (quoting *Magwood* at 561 U.S. 338)).

On the other hand, the Second Circuit has established that an amended judgment that reflects minor, clerical adjustments does not constitute a "new judgment" under *Magwood*. *Marmolejos v. United States*, 789 F.3d 66, 69 (2d Cir. 2015). The court held that "*Magwood* and *Johnson II* stand for the principle that when a judgment is entered on account of new substantive proceedings involving reconsideration of either the defendant's guilt or his appropriate punishment, it is a new judgment for purposes of AEDPA; the defendant's first application under § 2254 or § 2255 after the entry of that new judgment is not a second or successive application within the meaning of §§ 2255(h) and 2244(b)." *Id.* at 70. Because Marmolejos's judgment of conviction had been amended only to correct clerical errors, the court found that it was not a "new" judgment and could not reset the clock for the purposes of a new § 2255 motion. *Id.* at 71.

Sentence reductions under the First Step Act reconsider of the appropriate sentence for a given defendant, but do not involve a full resentencing nor the invalidation of the underlying judgment. Although the Second Circuit has yet to directly address whether a sentence reduction constitutes a new, intervening judgment under *Magwood*, other courts have considered the issue. *See, e.g.*, *United States v. Jones*, 796 F.3d 483, 484 (5th Cir. 2015) ("a § 3582(c)(2) sentence reduction does not result in a new judgment, but rather only in the modification of an existing one, and a petitioner may not thereby avoid the requirements for filing 'second or successive' habeas applications"); *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014) (holding that "*Magwood* does not reset the clock or the count, for purposes of § 2244 and § 2255, when a prisoner's sentence is reduced" under § 3582(c), and noting the "substantial differences between

8

resentencing and sentence reduction"); *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017) ("Because the court makes only a limited adjustment to the sentence, and claims of error at the original sentencing are 'outside the scope of the proceeding authorized by § 3582(c)(2),' . . . we join our sister circuits in holding that a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment.").

In considering how sentence reductions should impact the availability of habeas relief, courts have followed the guidance of the Supreme Court in *Dillon v. United States*, 560 U.S. 817 (2010), distinguishing sentence reductions under § 3582(c) from plenary resentencing proceedings. That "provision applie[d] only to a limited class of prisoners – namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission. Section 3582(c)(2)'s text, together with its narrow scope, show[ed] that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 825–826. The Supreme Court reasoned that sentence reductions under § 3582(c) were not equivalent to plenary resentencing proceedings because: (1) the statute gave courts the power to reduce an otherwise final sentence in only certain circumstances; (2) courts were to engage in only a limited reconsideration of the § 3553 factors; (3) under Federal Rule of Civil Procedure 43, criminal defendants were not required to be present for hearings regarding reductions in sentences under § 3582(c), in contrast to sentencing hearings; and (4) § 3582(c) allowed only for reductions in sentences, not enhancements. *Id.* at 825–828.

More on point, the effect of a sentence reduction under § 404 of the First Step Act on the availability of habeas relief has been considered by other courts. For example, the Eleventh Circuit concluded that "a sentence reduction under the First Step Act does not constitute a new judgment and thus does not reset the habeas clock." *Telcy*, 20 F.4th at 737. The court emphasized

9

that, under § 404(b), a district court's discretion to reduce a defendant's sentence is rather constrained. *Id.* at 744 ("[E]ven if the district court *wanted to* conduct a plenary restructuring, it would be unable to do so . . . . [T]he plain text of the First Step Act does not give the district court authority to enhance a sentence – only to reduce it." (citations omitted) (emphasis in original)). Indeed, the First Step Act authorized only sentence reductions for covered offenses, rather than plenary, *de novo* resentencings. *Id.* at 738 ("A defendant 'is eligible for a sentence reduction under the First Step Act only if he previously received a sentence for a covered offense.'" (quoting *Terry v. United States*, 593 U.S. 486, 492 (2021) (internal quotation marks omitted))). And "even though the sentence might have changed, the relevant final 'judgment' did not." *Id.* at 745. The Eleventh Circuit therefore characterized sentence reductions under § 404 as an "act of legislative grace left to the discretion of the district court . . . ." *Id.* at 744.

Consistent with *Telcy*, the Third Circuit even more recently held that a sentence reduction under § 404(b) of the First Step Act "is unrelated to the validity of the judgment that it amends, [and therefore] it does not result in a new judgment under *Magwood*." *In re Edwards*, 98 F.4th at 435. Drawing on caselaw from various Circuits, the court found that a modified or amended judgment is a new judgment for *Magwood* purposes only if it is "accompanied by the legal invalidation of the prior judgment." *Id.* at 433 (quoting *United States v. Buenrostro*, 895 F.3d 1160, 1165 (9th Cir. 2018) (collecting cases) (holding that the computation of new sentence does not result in a new judgment)); *Marmolejos*, 789 F.3d at 67 (holding that an amended judgment to correct clerical errors does not constitute a new judgment); *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019) (holding that a clerical "correction in the Second Amended Judgment did not create a new sentence for the purposes of [the defendant's] 2255 petition").

The court reasoned that, because sentence reductions under the First Step Act are purely discretionary, they cannot result from the invalidation of the prior sentence. *In re Edwards*, 98 F.4th at 435 ("[T]he plain language and structure of the First Step Act compel the conclusion that regardless of whether a court decides to exercise its discretion and resentence a prisoner under the First Step Act, the validity of the judgment to which the prisoner is confined is unaffected."). Sentence reductions therefore stand in contrast to judgments resulting from successful habeas petitions, which, by definition, require the petitioner to establish the unlawfulness of the prior judgment. *Id.* ("Both [28 U.S.C.] §§ 2254 and 2255 thus require petitioners to show that their prior judgment was invalid.") This distinction, the Third Circuit concluded, was the essential factor in determining whether a judgment is "new" under *Magwood. Id.* ("[I]t is the invalidity of the prior judgment that makes an intervening judgment "new" under *Magwood*.").

The reasoning set forth in both *Telcy* and *In re Edwards*, and their application of *Magwood* is persuasive, and most consistent with the Supreme Court's ruling in *Dillon*. The Amended Judgment in this case, *see* No. 3:99-cr-264, ECF No. 2688 (July 2, 2020), which reduced Mr. Jones's sentence from life to 450 months, is not a new judgment under *Magwood* and "does not reset the clock or the count, for purposes of § 2244 and § 2255." *White*, 745 F.3d at 836–37.

As described in the Court's Order on Mr. Jones's motion for a reduction in sentence, § 404 of the First Step Act authorized retroactive application of Sections 2 and 3 the Fair Sentencing Act of 2010 for defendants sentenced for crack cocaine offenses. *J. Williams*, 2019 WL 3842597, at *2. Indeed, in reducing Mr. Jones's sentence, the Court explicitly stated that "a reconsideration of the length of Mr. Jones's sentence cannot and should not be construed as a reconsideration of his underlying conviction or a reconsideration of the propriety of a lengthy

11

sentence for this conviction." Ruling on First Step Act Motion at 25. Rather, the Court had determined that Mr. Jones was "eligible for consideration of relief under the First Step Act" and that, after considering the relevant § 3553(a) factors, a reduction was warranted. *Id.* at 25, 39.

In other words, the reduction was an "act of legislative grace" carried out at this Court's discretion, which amended the prior judgment without rendering it invalid. As a result, it cannot be considered a new, intervening judgment that would enable Mr. Jones to submit another "first" § 2255 motion.

Mr. Jones previously submitted two habeas petitions, one of which was decided on the merits, and the other of which was determined to be a second or successive application. *See* Mot. to Vacate, Set Aside or Correct Sentence, Case No. 3:10-cv-467, ECF No. 1 (Mar. 26, 2010); Ruling Denying Mot. to Vacate, Set Aside or Correct Sentence, No. 3:10-cv-467, ECF No. 16 (July 20, 2011); Mot. to Vacate, Set Aside or Correct Sentence, No. 3:15-cv-1405 (VAB), ECF No. 1 (Sept. 24, 2015); Ruling and Order on Mot. to Vacate, Set Aside or Correct Sentence, No. 3:15-cv-1405 (VAB), ECF No. 12 (Sept. 28, 2018).

Because, as discussed at length above, this motion is not based on a new, intervening judgment, it is an uncertified, successive habeas petition, over which this Court has no jurisdiction to rule on the merits in the absence of a certification by the Court of Appeals. *See Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) ("[T]he authorization requirement is jurisdictional and therefore cannot be waived.").

Mr. Jones's application therefore should be transferred to the Second Circuit for authorization. *See* 28 U.S.C. § 2255(h) (the Second Circuit must certify a second or successive habeas petition before a district court may hear it); *Corrao*, 152 F.3d at 191 ("[R]eaching the merits of an uncertified second or successive § 2255 petition impermissibly circumvents the

AEDPA's gatekeeping provisions."); *Torres*, 316 F.3d at 151–52 ("[T]he district court must transfer uncertified successive motions . . . pursuant to 28 U.S.C. § 1631 . . . to cure want of jurisdiction.").

## IV.    CONCLUSION

For the foregoing reasons, Mr. Jones's motion is **DENIED** for want of jurisdiction.

The Clerk of the Court is respectfully directed to transfer this case to the Second Circuit, under 28 U.S.C. § 1631.

**SO ORDERED** this 24th day of May, 2024, at New Haven, Connecticut.

          /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge